AGNES M. WINKELMAN, Respondent, *v.* LOUIS WINKELMAN, Appellant.

First Department, February 8, 1924.

Damages — action on bond to secure weekly payments to plaintiff by husband — defense that bond was given in consideration of plaintiff's agreement to prosecute to final decree divorce action against husband — finding of jury that no such agreement was made not against weight of evidence — judgment for amount of bond erroneous — plaintiff entitled only to damages sustained to time of trial — judgment cannot be sustained on theory of liquidated damages — provision for liquidated damages never implied — no absolute repudiation of agreement to pay plaintiff — part payment made.

In an action on a bond in the sum of $3,000 given to secure to the plaintiff the sum of $40 per week for a period of three years, where the defense was that the bond was given in consideration of the plaintiff's agreement to prosecute to a

---

* Since amd. by Laws of 1923. chap. 769.— [REP.

final decree a divorce action against her husband, which agreement the jury found upon sufficient evidence was never made, it was error to give judgment for the plaintiff in the amount of the bond, as the plaintiff was entitled only to the actual damage suffered down to the time of the trial, which the proof shows was the sum of $340.

The judgment cannot be sustained upon the theory that the parties intended to provide for liquidated damages as such a provision is never read into a contract by implication.

Moreover, there was no absolute repudiation of the agreement to pay plaintiff the weekly installments so as to warrant a claim for damages for the entire balance of the period covered by the contract, he having made certain weekly payments, although less than the amount agreed upon.

APPEAL by the defendant, Louis Winkelman, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of April, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying the defendant's motion for a new trial made upon the minutes, and denying the defendant's motion to reduce the amount of the verdict.

*Leo J. Bondy,* for the appellant.

*Claude J. Banigan* [*Guy O. Walser* of counsel], for the respondent.

FINCH, J.:

The plaintiff sued the defendant on a bond given by the defendant and the plaintiff's husband (the defendant being a brother of plaintiff's husband) in the sum of $3,000 to secure to plaintiff the payment of the sum of $40 per week for a period of three years.

It is recited in the bond that the plaintiff had instituted a suit against her husband in New Jersey for absolute divorce.

The defense set up is that the bond was given in consideration of the plaintiff's agreement to proceed to final decree in said suit but that in violation of her agreement she refused to proceed and discontinued the action.

The theory upon which the action was tried was whether or not such an agreement as alleged in the defense was made, and the only questions presented here are as to the weight of the evidence upon this point and the proper measure of damages.

Plaintiff received the weekly payments of forty dollars from June 24, 1921, up to March 22, 1922, after which she was paid but twenty dollars a week by her husband. It appears that in March, 1922, she discontinued the divorce action. It further appears that prior to the execution of the bond she had been receiving but twenty dollars a week from her husband as temporary alimony in a pending action of separation, and that the increase to forty dollars was to enable plaintiff to discontinue working so that she

might be able to meet people and perhaps remarry. The twenty-dollar payments continued until July 7, 1922, when they continued at the rate of twenty-five dollars a week. This action was commenced on July 26, 1922.

The finding of the jury cannot be set aside as against the weight of the evidence. A square issue of fact was presented to the jury, defendant claiming the facts to be as stated and plaintiff denying. Since the finding of the jury is that the alleged agreement relied on as a defense was not entered into, there is not presented for consideration any question of public policy in giving recognition to such an agreement.

The plaintiff has recovered a judgment in the sum of $3,000, the amount of the bond. This was error. The plaintiff is entitled to no more than the actual damage shown to have been incurred at the trial. Respondent contends the parties intended to provide for liquidated damages. Such a provision never is read into a contract by implication. Even in a case where the parties specifically agree to regard the amount as liquidated damages, if such amount is disproportionate to the damages actually sustained, the court will regard the provision as a penalty, and limit the plaintiff to the actual damage. (*Ward* v. *Hudson River B. Co.*, 125 N. Y. 230.) Moreover, there was not an absolute repudiation of obligation to pay plaintiff any alimony, so as to warrant a claim for damages for the entire balance of the period covered by the contract, but payments were being made at the rate of $25 a week. Apparently the action was brought because the weekly payments did not equal $40. The difference between what plaintiff received and should have received under the agreement amounted to $340 at the time of the trial. That is the amount to which she was entitled. (*Severson* v. *Macomber*, 153 App. Div. 482; affd., 212 N. Y. 274; Civ. Prac. Act, § 160.)

It follows that the judgment should be modified by reducing the same to $340, and as so modified the judgment and order should be affirmed, without costs.

Clarke, P. J., Smith, Merrell and Martin, JJ., concur.

Judgment modified by reducing the amount thereof to the sum of $340, and as so modified the judgment and the order appealed from are affirmed, without costs. Sett.e order on notice.