Jacob Markowitz, J.
Plaintiff, the People of the State of New York, move for summary judgment against defendant, Continental Casualty Company, in this action to recover on a bond issued by Continental. Continental’s codefendant, Condor of the Americas, Inc., procured a license from the Insurance Department of the State of New York, to act as an excess line insurance broker, and in its application named its president, Robert A. Gormley, as its only sublicensee, to be authorized to act under the license. Pursuant to subdivision 8 of section 122 of the Insurance Law, Condor was required to and did file a bond in the penal sum of $15,000. Subdivision 8 of section 122 requires, prior to such a license being issued, that a bond be filed by the intended licensee ‘ ‘ in the penal sum of fifteen thousand dollars, approved by the attorney general as to form and by the superintendent as to sufficiency of the security * * * conditioned that the said licensee will faithfully comply with all the requirements of this section.” The bond issued provided, in pertinent part, that ‘ ‘ Recovery of the penal sum of this bond by the People of the State of New York is specifically authorized in case the Excess Line Broker, or any sub-licensee, shall Have been guilty of fraudulent or dishonest practices in connection with the transaction of his or its business as an Excess Line Broker during the license period for which this bond is issued. ’ ’ It is asserted that during the license period, Robert Gormley *901 committed various fraudulent and illegal acts; specifically that he accepted moneys from insurance brokers, purportedly in payment of premiums for excess line insurance with a nonexistent insurance company. Gormley refused to either refund the moneys or deliver the policies. A hearing was held by the Insurance Department, after notice given to Gormley individually and as Condor’s sublicensee. However, Gormley did not attend, having previously notified the Insurance Department that he was no longer in the insurance business and that he was surrendering his license. Testimony was taken from representatives of two brokers which had paid moneys to Gormley for excess line insurance, without receiving either policies or refunds of the moneys, and Gormley was then found guilty of the improper practices charged by the hearing examiner and this finding was affirmed by the Superintendent of Insurance. Defendant, Continental, has since offered to pay to the injured parties compensation for their monetary damages caused by Gormley’s acts, but asserts that its liability does not extend beyond the indemnification of parties injured. The People, plaintiff herein, urge that the bond is penal in nature, and that upon proof of a breach of its conditions, the entire sum thereof is forfeit to the State.
A prior motion for summary judgment was herein made, and denied, without prejudice to a renewal upon proper papers for no affidavits attesting to the alleged improper acts were there submitted; the plaintiff then relying solely upon the transcript of the Insurance Department hearing, and hearsay testimony.
Continental argues that not only are there issues of fact present which preclude the granting of the motion, but that as a matter of law, its liability is limited to the extent of the actual loss sustained by those who dealt with Gormley. At the outset it must be noted that the deficiencies which required the denial of the prior motion have been cured, by the submission of an affidavit of one with personal knowledge of the facts, who was involved in an improper transaction with Gormley. Further, it is clear from the record that it was not necessary to prove Condor as an entity guilty of improper practices, for the bond was specifically conditioned upon the faithful performance of their duties by “ the Principal [Condor] and all sub-licensees [the only one herein being Gormley] ”. Finally, while the Insurance Department hearing was brought under section 123 of the Insurance Law (referable to persons acting as independent adjusters), and while there was no specific finding that Gormley was guilty of improper practices under section 122, *902 the record convincingly demonstrates as a matter of fact, Giormley’s guilt of the practices charged, and just as the Insurance Department’s findings are not binding on the court in this action (as defendant argues) so any possible omissions of findings in the hearing do not preclude granting this motion.
Accordingly, the sole question presented is the nature of the bond — whether compensatory, and in the nature of an indemnification bond, or whether it is a forfeiture bond. The fact that the bond was rated as an indemnity type and that the former chief of the rating bureau of the Insurance Department may have considered it as such does not bind this court. Section 122 was clearly enacted to cure some of the problems raised by the prior practice of brokers placing excess line insurance with companies not subject to the regulatory powers of this State, and was aimed at protecting the insured (see 1958 Report, Joint Legis. Comm, on Insurance Rates and Regulations, p. 14 el seq.-, N. Y. Legis. Doc. 1958, No. 29). However, the committee was also aware, as stated in its 1958 and 1959 Reports, that the insured had common-law rights, and the apparent intendment of the statute does not require a finding that the method to be adopted in meeting this aim was requiring the filing of an indemnification type bond only. It is equally possible that protection was to be afforded by way of requiring forfeiture type bonds to be filed. Clearly where there is ambiguity, a bond filed pursuant to statute will not be construed to afford wider coverage than required by the statute (Post v. Doremus, 60 N. Y. 371) and that, in the usual case, the face amount of a bond indicates only the limit of liability thereunder (People ex rel. Kenny v. Kenny, 277 App. Div. 578) for a provision for liquidated damages is never read into a contract by implication (Winkelman v. Winkelman, 208 App. Div. 68). However, we are not here concerned with implications. The statute is clear in its terms. The legislative history evidences that a proposal to add to section 122 language making the bond payable to insureds who suffered a loss due to a breach of its conditions wras defeated (N. Y. State Legis. Annual, 1958, p. 264). The bond provides that “ recovery of the penal sum * * * by the People of the State of New York is specifically authorized.” This type of regulation of this industry is not without support, and a strong public interest in the regulation of this business has been recognized by the courts (see Matter of B. & R. Excess Corp. v. Thacher, 37 Misc 2d 307, affd. 18 A D 2d 1137). Continental’s or Condor’s subjection to this sort of regulation is not violative of the Federal Constitution (cf. U. S. Code, tit. 15, §§ 1011-1015; California *903 Auto Assn. v. Maloney, 341 U. S. 105; Hooper v. California, 155 U. S. 648). Continental has failed to adduce evidence or support based on prior decisional law that would require this court to overlook the plain language of the statute or the bond. Accordingly, the motion is granted, and plaintiff may recover the full amount of the bond, to wit, $15,000.