OPINION OF THE COURT
Parker J. Stone, J.
Plaintiff contractor intended to bid on the heating, ventilating and plumbing construction of the Syracuse University Carrier Dome. This construction included the installation of a sound attenuator. A quote for this item in the sum of $32,545 given by defendant Noise Control Products, Inc. (Noise Control) to its manufacturer’s representative, Cook & Reid, Inc., was, in turn, through its president, Lewis R. Reid, orally disseminated to the plaintiff and other potential bidders.
Prior to bidding, plaintiff, realizing that the quote was nearly $24,000 less than the next lowest quote received from other prospective subcontractors, contacted Reid and inquired whether the quote was accurate. Reid assured the plaintiff that the quote was accurate but he did not verify its accuracy with Noise Control. Plaintiff included the quote in its bid for the heating, ventilation and plumbing work.
The contract was awarded to plaintiff and on May 9, 1979, plaintiff advised Reid that the quote of Noise Control *65 was accepted and the plaintiff would purchase the noise attenuator from Noise Control. Reid advised Noise Control; thereupon, Noise Control discovered that its quote was mathematically in error in that it was for only 50% of the work. Noise Control notified the plaintiff of its error on May 10. Noise Control offered to do the work for the price of $54,850. Plaintiff rejected this offer and, thereafter, had the work done by another subcontractor for $45,000. Plaintiff has commenced this action against both defendants, claiming damages for the failure of Noise Control to do the work pursuant to its original quote.
Section 2-201 of the Uniform Commercial Code raised as a defense by Noise Control is a complete bar to plaintiff’s action unless the doctrine of promissory estoppel is found to be applicable.
The court and the parties have researched the law of this State and it appears there is only one reported case wherein this doctrine has been applied to hold a subcontractor to its quote (King & Son v De Santis Constr. No. 2 Corp., 97 Misc 2d 1063). Outside of the State of New York, there is authority as outlined in plaintiff’s brief. King & Son, however, is distinguishable from the instant case in that the subcontractor in King & Son apparently refused to proceed according to its quote for no specific reason, whereas Noise Control refused to proceed because of a mathematical error in computing its quote.
No authority has been supplied to the court nor could the court find any in which the theory of promissory estoppel was enforced against proof of an honest mistake.
It is clear that the possibility of error was sufficiently strong so as to prompt an inquiry by plaintiff and plaintiff did act properly in contacting Reid. It is also clear that if Reid had brought plaintiff’s inquiry to the attention of Noise Control, most likely, the error would have been ascertained before plaintiff relied upon it in submitting its bid.
The theory of promissory estoppel is based upon the concept that the courts will not permit the Statute of Frauds to be used to perpetrate a fraud. “The statute does not protect one who by his agreement, acts and conduct, *66 has induced another to incur expense and alter his position to his damage. One cannot take advantage of his own wrong.” (M. H. Metal Prods. v April, 251 NY 146, 150.) There is, in fact, authority in New York requiring proof of fraud before the Statute of Frauds may be disregarded. “It may be true that the repudiation of their promise by defendants will result in injury to Bulkley, as is urged upon us, but there is no allegation of fraud in the complaint. ‘A mere refusal to perform an oral agreement within the Statute, however, is not such fraud as will justify a court in disregarding the statute, even though it result in hardship to the plaintiff.’” (Bulkley v Shaw, 289 NY 133, 139; see, also, Sawyer v Sickinger, 47 AD2d 291; 3 Williston, Contracts [3d ed], § 533A, p 805.)
It is clear from the facts of this case that the mathematical mistake of the defendant, Noise Control, cannot be held to reach the level of either “fraud” or a “wrong”. It is therefore not inequitable nor unconscionable to permit this defendant to assert the Statute of Frauds as a defense. The court, therefore, declines to exercise its equitable powers to enforce the doctrine of promissory estoppel.
Plaintiff’s complaint does not set forth a separate claim against defendant Cook & Reid for negligence. Moreover, Cook & Reid was a disclosed agent of Noise Control and as such, cannot be liable on the alleged contract (Jones v Archibald, 45 AD2d 532).
The defendants may enter judgment against the plaintiff dismissing the complaint with one bill of costs.