■ R. FREEDMAN & SON, INC., Respondent, v A.I. CREDIT CORPORATION, Appellant. [641 NYS2d 429] —Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (Harris, J.), entered September 8, 1995 in Albany County, which partially denied defendant's motion for summary judgment dismissing the complaint.

In a previous action, defendant, assignee of an equipment lease entered into by plaintiff and Transfinancial Leasing Corporation, with respect to which plaintiff had defaulted in payment, obtained a judgment against plaintiff in the amount of $133,809.73. Following negotiations over the payment of the judgment, which contained arithmetical errors, plaintiff ultimately paid defendant $108,875.73 and defendant filed a satisfaction of the judgment. Plaintiff contends that, in the course of these negotiations, defendant also agreed, in consideration for the amount tendered and plaintiff's agreement not to appeal, to deliver title to, and release all liens on, the crane that was the subject of the lease; defendant (which, unbeknown to plaintiff, did not own the crane, it having remained the property of Transfinancial), denies having acquiesced to these terms.

When defendant refused to convey title to the crane, insisting instead that plaintiff pay fair market value therefor in accordance with the initial purchase agreement between plaintiff and Transfinancial, plaintiff commenced this action seeking damages for breach of contract, fraud, negligent misrepresentation, promissory estoppel and specific performance. Defendant's motion for summary judgment was granted only insofar as it sought dismissal of the first and fifth causes of action (those sounding in breach of contract and specific performance). Defendant appeals, contending that the remainder of plaintiff's claims should have been dismissed as well.

Supreme Court did not err in refusing to dismiss the claims at issue. With respect to the second cause of action, that charging fraud, plaintiff alleges not only that defendant promised to

deliver the crane with no intention of doing so, but also that defendant's representatives specifically asserted, during the course of negotiations, that it was the owner of the crane—and was therefore capable of delivering title as promised—and that plaintiff, unaware of the actual terms of the lease assignment between defendant and Transfinancial, relied on this representation. Where, as here, the statement forming the basis for the fraud charge was not merely a promise to perform in the future, but an allegedly intentional misrepresentation of the present state of affairs (which purportedly caused the party to which it was made to enter into a contract in reliance thereon), a fraud claim is maintainable (*see, Coolite Corp. v American Cyanamid Co.*, 52 AD2d 486, 488; *compare, Tesoro Petroleum Corp. v Holborn Oil Co.*, 108 AD2d 607, *appeal dismissed* 65 NY2d 637).

The third cause of action, that sounding in negligent misrepresentation, is also sustainable. The elements establishing a special relationship between the parties—one "so close as to approach [contractual] privity" (*Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417, 424)—which gives rise to this type of claim, have been set forth. The statements at issue were made directly to plaintiff's representatives, during settlement negotiations, in circumstances where defendant's " 'end and aim' " in imparting the information in question, if it indeed did so, was plainly to induce plaintiff to change its position, by agreeing to the settlement, in reliance thereon (*see, supra,* at 425, quoting *Glanzer v Shepard*, 233 NY 236, 238-239; *Credit Alliance Corp. v Anderson & Co.*, 65 NY2d 536, 554). Moreover, the letters sent by plaintiff's counsel would have been sufficient to put defendant on notice of plaintiff's reliance on the statements in question.

Plaintiff's promissory estoppel claim also has force. To prevail on such a cause of action, the party advancing it must demonstrate that the opposing party made a clear and unambiguous promise, upon which the former reasonably relied, to its detriment (*see, Ripple's of Clearview v Le Havre Assocs.*, 88 AD2d 120, 122, *lv denied* 57 NY2d 609). Defendant's contention that plaintiff's complaint does not establish detrimental reliance is unavailing, for while it could be argued that plaintiff was obliged to comply with the judgment regardless of any conveyance by defendant, it may be reasonably inferred from the facts recited in the complaint that plaintiff did more than was legally required, in that it voluntarily relinquished its right to appeal from the judgment, as a result of its belief that the parties had reached an agreement including the transfer of title to the crane.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.