■ BUNKOFF GENERAL CONTRACTORS, INC., Respondent, v DUNHAM ELECTRIC, INC., Appellant. [753 NYS2d 156] —Carpinello, J. Appeal from an order of the County Court of Albany County (Lamont, J.), entered December 3, 2001, which affirmed an order of the Albany City Court denying defendant's motion for summary judgment.

Plaintiff was the successful bidder as general contractor for a local renovation project. In preparing its bid, plaintiff incorporated a quotation for electrical work submitted by defendant. According to plaintiff, before submitting its bid to the owner, its representatives contacted defendant's president to confirm the quotation and informed him that if it was awarded the project, the electrical work would be awarded to defendant.[1] Prior to awarding the bid to anyone, however, the owner importuned plaintiff, and apparently all other bidders, to come up with cost reduction suggestions. Plaintiff, in turn, contacted each of its subcontractors, including defendant, for their input on the issue.

Defendant thereafter made two written proposals containing various cost reductions, which plaintiff passed on to the owner. According to plaintiff, before finalizing its own status as the successful bidder for the general contract, its president informed defendant's president that the electrical quotation as amended was being used to bid the project and again reiterated that, if awarded, defendant would be given the electrical subcontract (*but see* n 1). After plaintiff was formally awarded the contract, but before any written subcontract was executed between them, defendant refused to perform the electrical work on the project.[2] Plaintiff secured another electrical subcontractor for a higher price and then commenced this action in City

1. To be sure, defendant's president disputes this point, claiming that no representative of plaintiff ever informed him that if plaintiff "got the job," defendant "got the job."

2. Indeed, it appears that defendant refused to do the work *before* it received the written subcontract from plaintiff. Thus, defendant's claim that

Court sounding in promissory estoppel to recover the difference between defendant's bid and the amount paid to the substitute subcontractor. Defendant unsuccessfully moved for summary judgment, prompting an appeal to County Court, which affirmed. Defendant now further appeals to this Court.

As an initial matter, we reject defendant's prefatory argument that the doctrine of promissory estoppel is not a legally cognizable cause of action in disputes of this type (i.e., construction contract bids) (*see Nory Constr. Co. v Genesee LeRoy Stone Corp.*, 207 AD2d 969; *King & Son v De Santis Constr. No. 2 Corp.*, 97 Misc 2d 1063, *mod* 65 AD2d 695; *see also D.A. Elia Constr. Corp. v Lyco*, 1991 WL 224434 [WD NY, July 11, 1991], Elfvin, J., *affd* 963 F2d 1521; *compare P.J. Carlin Constr. Co. v Whiffen Elec. Co.*, 66 AD2d 684, *appeal dismissed* 46 NY2d 1075; *Rochester Plumbing Supply Co. v A. Burgart*, 49 AD2d 78; *S.J. Groves & Sons Co. v L.M. Pike & Son*, 41 AD2d 584; *Rouse Constr. Corp. v Albany Acoustical Corp.*, 9 AD2d 38; *Edward Joy Co. v Noise Control Prod.*, 111 Misc 2d 64). While the Court of Appeals has itself never explicitly applied the doctrine of promissory estoppel (*see* Schwartz, *The Second Circuit "Estopped": There is No Promissory Estoppel in New York*, 19 Cardozo L Rev 1201 [1997]), the Court has also never explicitly rejected it as an independent basis for recovery. Moreover, this Court has indeed recognized and applied promissory estoppel as a viable cause of action generally (*see e.g. Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792, 796-797; *Scott v KeyCorp*, 247 AD2d 722, 725; *Fourth Branch Assoc. Mechanicville v Niagara Mohawk Power Corp.*, 235 AD2d 962, 964; *Freedman & Son v A.I. Credit Corp.*, 226 AD2d 1002; *Nicit v Nicit*, 160 AD2d 1213, 1214; *Silver v Mohasco Corp.*, 94 AD2d 820, 822, *affd* 62 NY2d 741). Thus, in our view, the weight of controlling, recent authority compels the conclusion that the doctrine can be asserted as a viable cause of action in this state (*see e.g. id.*; *see also Cyberchron Corp. v Calldata Sys. Dev.*, 47 F3d 39; *Management Inv. Funding Ltd. v Merrill Lynch, Pierce, Fenner & Smith*, 2000 WL 145461 [SD NY, Feb. 9, 2000], Sand, J., *revd on other grounds sub nom. Compagnie Financiere de CIC et de L'Union Europeenne v Merrill Lynch, Pierce, Fenner & Smith*, 232 F3d 153; *but see* Schwartz, *The Second Circuit "Estopped": There is No Promissory Estoppel in New York*, *supra*) and in this particular type of commercial transaction (*see Nory Constr. Co. v Genesee LeRoy Stone Corp.*, *supra*; *King & Son v De Santis Constr. No. 2 Corp.*, *supra*; *D.A. Elia Constr. Corp. v Lyco*,

it rejected the project because the subcontract contained terms which were not agreed upon appears specious.

*supra*; *see also*; *Preload Tech. v A.B. & J. Constr. Co.*, 696 F2d 1080; *Debron Corp. v National Homes Constr. Corp.*, 493 F2d 352; *Drennan v Star Paving Corp.*, 51 Cal 2d 409, 333 P2d 757; *Pavel Enters. v A.S. Johnson Co.*, 342 Md 143, 674 A2d 521; *but see Baird Co. v Gimbel Bros.*, 64 F2d 344).[3]

We next reject defendant's alternative contention that it is entitled to summary judgment. As aptly stated in *Gellerman v Oleet* (164 Misc 2d 715, 718), "the concept of promissory estoppel provides a remedy for persons who detrimentally rely upon the promises of others and are injured thereby." Thus, in order to prevail in the instant action, plaintiff must demonstrate that defendant "made a clear and unambiguous promise, upon which the former reasonably relied, to its detriment" (*Freedman & Son v A.I. Credit Corp.*, *supra* at 1003). Upon our review of the documentary and testimonial evidence in the record, we find that questions of fact exist concerning whether defendant indeed made a clear and unambiguous promise to plaintiff when it submitted its quote and amended quote and also whether plaintiff reasonably relied upon defendant in submitting its own bid to the project owner (*cf. LAHR Constr. Corp. v Kozel & Son*, 168 Misc 2d 759, 765-766).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

**3.** The issue of whether the doctrine of promissory estoppel should be applied in construction bidding cases has been widely and continuously debated for nearly seven decades (*see e.g.* Schneider, *Maryland's Application of Promissory Estoppel in Construction Industry Bidding Disputes: Eliminating Further Confusion*, 30 U Balt L Rev 171 [2000]; Siegfried & Lawrence, *Home Electric v Hall & Underdown Heating & Air Conditioning: Mutuality Remains the Only Solution to the Construction Bidding Problem*, 9 Construction Law 3 [1989]; Murphy, *Promissory Estoppel: Subcontractors' Liability in Construction Bidding Cases*, 63 N C L Rev 387 [1985]; Bishop, *The Subcontractor's Bid: An Option Contract Arising through Promissory Estoppel*, 34 Emory LJ 421 [1985]; Closen & Weiland, *The Construction Industry Bidding Cases: Application of Traditional Contract, Promissory Estoppel, and Other Theories to the Relations Between General Contractors and Subcontractors*, 13 J Marshall L Rev 565, 583 [1980]; Schriber, *Construction Contracts-The Problem of Offer and Acceptance in the General Contractor-Subcontractor Relationship*, 37 U Cinn L Rev 798 [1980]; Schultz, *The Firm Offer Puzzle: A Study of Business Practice in the Construction Industry*, 19 U Chi L Rev 237, 239 [1952]; Note, *Contracts-Promissory Estoppel*, 20 V.A.L. Rev 214 [1933]).