■    CLIFFORD R. GRAY, INC., Respondent-Appellant, v LeCHASE CONSTRUCTION SERVICES, LLC, et al., Appellants-Respondents. [819 NYS2d 182]—

Spain, J. Cross appeals (1) from an order of the Supreme Court (Kramer, J.), entered October 24, 2005 in Schenectady County which, inter alia, partially denied defendants' motion to compel disclosure, and (2) from an order of said court, entered January 26, 2006 in Schenectady County, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff is an electrical and communications contractor that has provided services to the Knolls Atomic Power Laboratory (hereinafter KAPL) for more than 40 years. Defendants are affiliated business entities from the City of Rochester, Monroe County, that were seeking to win a contract for the design and

construction of a building in the Town of Niskayuna, Schenectady County (hereinafter the project). After attending a meeting about the project, defendants learned of plaintiff's relationship with KAPL and the parties began to discuss plaintiff's potential involvement in the project. Plaintiff alleges that in September 2001, the parties reached an agreement, which plaintiff denominates an "exclusivity agreement." Pursuant thereto, plaintiff agreed to the following three conditions: (1) to refrain from participating with any other general contractors who were seeking the KAPL contract; (2) to refrain from sharing with any third party any documentation or drawings provided by defendants to plaintiff in connection with defendants' proposal; and (3) if defendants were not awarded the project, plaintiff would not deal in any manner with the successful contractor. Plaintiff alleges that in exchange for its agreement to these conditions, defendants promised to use plaintiff as the exclusive subcontractor for all electrical and teledata work if defendants were awarded the prime contract. The exclusivity agreement was never reduced to writing, nor did the parties execute a subcontract. Although plaintiff asserts that they agreed upon a contract form, it concedes that the parties never fully agreed on the details of a subcontract and agreed only that the outstanding details of the subcontract would be discussed if defendants were ultimately awarded the KAPL contract.

Plaintiff's estimators traveled from Schenectady County to Rochester to meet with defendants' design team in September 2001. During and subsequent to this meeting, information about the project and KAPL flowed mutually between the parties. Over the next few months, plaintiff submitted various bid proposals to defendants, who were ultimately awarded the contract. Notwithstanding the parties' alleged oral agreement to use plaintiff as the exclusive subcontractor for the electrical and teledata portions of the contract, defendants put those aspects of the contract out to competitive bidding, and plaintiff was not awarded the subcontract that it claims was due under the exclusivity agreement. Plaintiff thereafter commenced this action, seeking damages for lost profits and other revenues it would have earned if it had been given the subcontract. Defendants moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment on liability. Following oral argument, Supreme Court denied both

motions. Defendants and plaintiff cross appeal from that order* and both parties cross appeal from a separate order that partially granted a motion by defendants to compel plaintiff to respond to certain interrogatories.

The complaint in this action asserts five causes of action, sounding in breach of contract, promissory estoppel, unjust enrichment, equitable estoppel and fraud. For the reasons that follow, we conclude that only the second cause of action, asserting promissory estoppel, survives defendant's motion for summary judgment.

Defendant contends that the exclusivity agreement is unenforceable as a matter of law, and we agree. "It is well settled that a contract must be definite in its material terms in order to be enforceable" (*Spectrum Research Corp. v Interscience, Inc.*, 242 AD2d 810, 811 [1997]; *see Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482 [1989], *cert denied* 498 US 816 [1990]; *Marraccini v Bertelsmann Music Group*, 221 AD2d 95, 97 [1996], *lv denied* 89 NY2d 809 [1997]). Thus, an "agreement to agree, in which a material term is left for future negotiations, is unenforceable" (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]; *Spectrum Research Corp. v Interscience, Inc., supra*; *Marraccini v Bertelsmann Music Group, supra*; *Bower v Atlis Sys.*, 182 AD2d 951, 952-953 [1992], *lv denied* 80 NY2d 758 [1992]). Viewing the exclusivity agreement as defined by plaintiff, the parties agreed that if plaintiff refrained from having contact with any other contractor that was seeking the project, and if defendant was awarded the prime contract, the parties would enter into a subcontract for the electrical and teledata work on the project. This is merely an agreement to later agree upon the "precise nature of the work to be subcontracted, price and manner of payment and time of performance" (*Spectrum Research Corp. v Interscience, Inc., supra* at 811).

Plaintiff's contention that the pricing information for the subcontract is ascertainable by reference to the proposals that plaintiff submitted to defendant does not satisfy the requirement that the material terms of the agreement be definite. While it is true that application of the definiteness doctrine is

* Defendants contend that defendant LeChase Data/Telecom Services, LLC and defendant LeChase Construction Corporation were uninvolved in the events giving rise to this action, and they sought summary judgment dismissing the complaint against them. Plaintiff did not oppose that request before Supreme Court, and does not oppose it upon appeal. Accordingly, it will be granted. Therefore, further references to defendant in this decision shall pertain to the remaining defendant, LeChase Construction Services, LLC.

not absolutely rigid (*see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91 [1991]; *Cobble Hill Nursing Home v Henry & Warren Corp.*, *supra* at 482-483), there must be "an objective method for supplying a missing term" (*Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, *supra* at 91). Here, although the exclusivity agreement contemplates the parties' execution of a subcontract, that implicit provision cannot be viewed as a binding formula for supplying a missing term (*see Joseph Martin, Jr., Delicatessen v Schumacher*, *supra* at 110-111), nor does it "invite[ ] recourse to an objective extrinsic event, condition or standard" (*id.* at 110; *see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, *supra* [agreement provided for arbitration]; *Cobble Hill Nursing Home v Henry & Warren Corp.*, *supra* [agreement provided that price was to be determined by the Department of Health in accordance with applicable statutes, rules and regulations]). Rather, it requires further expressions by the parties and therefore fails to "reduc[e] uncertainty to certainty" (*Cobble Hill Nursing Home v Henry & Warren Corp.*, *supra* at 483). To the extent that the bid proposals are utilized to determine pricing as a matter of commercial practice (*see Henri Assoc. v Saxony Carpet Co.*, 249 AD2d 63, 66 [1998]), the record is wholly devoid of evidence that defendant agreed to the prices proposed by plaintiff (*compare id.*; *see T. Moriarty & Son v Case Contr.*, 287 AD2d 390 [2001]). In sum, the exclusivity agreement that is the basis for plaintiff's first cause of action for breach of contract is unenforceable as a matter of law, and defendant's motion for summary judgment dismissing that cause of action should have been granted.

Plaintiff correctly contends that it is possible to state a cause of action for fraud in the inducement separate and apart from a claim for breach of the contract (*see Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954, 956 [1986]; *Sabo v Delman*, 3 NY2d 155, 162 [1957]). To the extent, however, that plaintiff's fifth cause of action may be construed as such, it must also be dismissed because there can be no viable claim for fraudulent inducement to enter an unenforceable contract (*see Held v Kaufman*, 91 NY2d 425, 431-432 [1998]).

Plaintiff's second cause of action asserts a claim sounding in promissory estoppel. A party relying upon promissory estoppel must demonstrate that there was a clear and unambiguous promise upon which it reasonably and detrimentally relied (*see Bunkoff Gen. Contrs. v Dunham Elec.*, 300 AD2d 976, 978 [2002]; *Fourth Branch Assoc. Mechanicville v Niagara Mohawk Power Corp.*, 235 AD2d 962, 964 [1997]; *R. Freedman & Son v A.I.*

*Credit Corp.*, 226 AD2d 1002, 1003 [1996]). Plaintiff has submitted evidence in admissible form that defendants promised to give plaintiff the project subcontract, and that plaintiff refrained from working with other general contractors who were seeking the project in reliance on that alleged but ultimately unfulfilled promise. Defendants submit evidence that they never promised plaintiff the subcontract, and that plaintiff did, in fact, seek to work with another general contractor who was pursuing the project. Clearly, the parties' submissions create issues of material fact regarding whether defendant made the alleged promise and whether plaintiff reasonably relied thereon, and Supreme Court properly denied the motions for summary judgment on the promissory estoppel cause of action.

Plaintiff's fourth cause of action sounds in equitable estoppel. In support of the cause of action, plaintiff alleges facts similar to those underlying its promissory estoppel claim, along with allegations of the scienter that is an element to be established by a party seeking equitable estoppel (*see Michaels v Travelers Indem. Co.*, 257 AD2d 828, 829 [1999]; *State Bank of Albany v Fioravanti*, 70 AD2d 1011, 1012-1013 [1979], *affd* 51 NY2d 638 [1980]). The fundamental and fatal flaw in this cause of action is plaintiff's demand for money damages upon it; equitable estoppel is invoked to prohibit a party from engaging in certain conduct (*see e.g. Matter of Hession v New York State & Local Employees' Retirement Sys.*, 24 AD3d 1008, 1010 [2005] [the petitioner sought to equitably estop the respondent from denying tier 1 retirement status]; *Doe v Holy See [State of Vatican City]*, 17 AD3d 793, 794-795 [2005], *lv denied* 6 NY3d 707 [2006] [the plaintiffs sought to estop the defendants from asserting statute of limitations defense]; *Matter of Sarah S. v James T.*, 299 AD2d 785 [2002] [equitable estoppel invoked to prevent denial of paternity]; *McKay v Healthcare Underwriters Mut. Ins. Co.*, 295 AD2d 686, 688 [2002], *lv denied* 99 NY2d 503 [2002] [equitable estoppel sought to prevent denial of insurance coverage]). Here, because plaintiff does not seek the type of remedy that would be available upon a successful invocation of equitable estoppel, the fourth cause of action should have been dismissed. To the extent that equity may provide plaintiff with a remedy in damages in this particular case, plaintiff's avenue of recovery rests on its promissory estoppel claim (*see Bunkoff Gen. Contrs. v Dunham Elec., supra* at 976-977).

Plaintiff's third cause of action generally alleges that defendant was unjustly enriched by plaintiff's experience with KAPL as well as plaintiff's direct contributions to defendant's successful proposal for the prime contract. A cause of action for unjust

enrichment requires a showing that (1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) that it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff (*see Cruz v McAneney*, 29 AD3d 512, 512 [2006]; *Mente v Wenzel*, 178 AD2d 705, 706 [1991]). The essence of such a cause of action is that one party is in possession of money or property that rightly belongs to another (*see Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972], *cert denied* 414 US 829 [1973]; *Town of Butternuts v National Grange of Patrons of Husbandry*, 20 AD3d 637 [2005]; *George S. May Intl. Co. v Thirsty Moose, Inc.*, 19 AD3d 721 [2005]; *Anesthesia Group of Albany v State of New York*, 309 AD2d 1130, 1131-1132 [2003]; *Mente v Wenzel, supra*). Here, plaintiff's submissions on the parties' competing motions for summary judgment make only conclusory allegations that defendant benefitted from plaintiff's involvement in the bid formulation process, and plaintiff asserts no facts suggesting that defendant is in possession of money or property belonging to plaintiff. Thus, there is no issue of fact requiring a trial on this cause of action (*see Hamlin Beach Camping, Catering, & Concessions Corp. v State of New York*, 303 AD2d 849, 853 [2003]; *Absher Constr. Corp. v Colin*, 233 AD2d 279, 280 [1996]), and defendant's motion for summary judgment dismissing plaintiff's cause of action for unjust enrichment should have been granted.

Turning to defendant's appeal and plaintiff's cross appeal from Supreme Court's order addressed to defendant's discovery motion, it is well settled that the trial court has broad discretion in supervising discovery (*see Bohlke v General Elec. Co.*, 27 AD3d 924 [2006]; *Mora v RGB, Inc.*, 17 AD3d 849, 851 [2005]; *Di Mascio v General Elec. Co.*, 307 AD2d 600, 601 [2003]). Upon our review of the record and supplemental record, we find that the order directing and conditioning plaintiff's disclosure of certain allegedly confidential information upon the execution of a court-approved confidentiality agreement and denying other aspects of defendant's motion to compel disclosure was rendered well within the bounds of Supreme Court's discretion. Further, in the context of this protracted and contentious discovery dispute, we find no merit in defendant's contention that plaintiff waived its objections to defendant's demands for interrogatories.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order entered October 24, 2005 is affirmed, without costs. Ordered that the order entered January 26, 2006 is modified, on the law, without costs, by reversing so much thereof as

denied defendants' motion for summary judgment (1) dismissing the complaint against defendants LeChase Data/Telecom Services, LLC and LeChase Construction Corporation and (2) dismissing the first, third, fourth and fifth causes of action against defendant LeChase Construction Services, LLC; motion granted to that extent, summary judgment awarded to defendants and all causes of action dismissed except the second cause of action which remains against LeChase Construction Services, LLC only; and, as so modified, affirmed.