■ CLIFFORD R. GRAY, INC., Appellant, v LECHASE CONSTRUCTION SERVICES, LLC, Respondent. [857 NYS2d 347]—

Spain, J. Appeal from an order of the Supreme Court (Kramer, J.), entered May 29, 2007 in Schenectady County, which, among other things, granted defendant's motion to limit plaintiff's proof at trial in certain aspects.

This matter has been the subject of a prior appeal before this Court (31 AD3d 983 [2006]), and involves events surrounding efforts by defendant, a general contractor, to win a contract for the design and construction of a building at the Knolls Atomic Power Laboratory in the Town of Niskayuna, Schenectady County. Plaintiff, an electric and teledata subcontractor, alleges that it assisted defendant in formulating a bid proposal and agreed to refrain from participating with any other general

---

contractors who were bidding on the project in exchange for defendant's promise to use plaintiff as the exclusive subcontractor for all electrical and teledata work should defendant be awarded the prime contract. Defendant was ultimately successful in securing the prime contract, but declined to use plaintiff as a subcontractor. Thereafter, plaintiff commenced this action on the theories of breach of contract, promissory estoppel, unjust enrichment, equitable estoppel and fraud. After an unsuccessful motion for summary judgment, defendant appealed and this Court dismissed all of plaintiff's causes of action except that based upon promissory estoppel (*id.* at 984, 988-989). A trial date was set for April 23, 2007 and, prior to trial, defendant made a motion in limine seeking to limit plaintiff's proof at trial to reliance damages and to preclude plaintiff from offering evidence of expectancy or benefit-of-the-bargain damages. Supreme Court granted the motion and plaintiff now appeals.*

The sole issue on appeal is what type of damages are potentially available to plaintiff on its promissory estoppel cause of action. "To establish a promissory estoppel it must be shown that the defendant made a clear and unambiguous promise upon which the plaintiff reasonably relied to his or her detriment" (*Roufaiel v Ithaca Coll.*, 241 AD2d 865, 869 [1997] [citations omitted]; *see Bunkoff Gen. Contrs. v Dunham Elec.*, 300 AD2d 976, 978 [2002]). Although we have clearly recognized that promissory estoppel may be asserted as a viable cause of action in this type of commercial transaction (*see Bunkoff Gen. Contrs. v Dunham Elec.*, 300 AD2d at 977), it is unclear from our case law what relief is appropriate when a plaintiff succeeds under a promissory estoppel theory.

Plaintiff argues that it is entitled to the same legal damages that it would be entitled to had defendant breached an enforceable contract; namely, it seeks expectancy damages, or the amount required to place it in the position as if defendant had kept its alleged promise (*see Brushton-Moira Cent. School Dist. v Thomas Assoc.*, 91 NY2d 256, 261 [1998]; *J.R. Loftus, Inc. v White*, 85 NY2d 874, 877 [1995]; *Bippley v Hollenback*, 228 AD2d 983, 983 [1996]). In contrast, defendant argues that plaintiff is limited to equitable relief in the form of reliance damages, those necessary to restore plaintiff to the position in which it would have been had it not relied on defendant's alleged promise (*see Farash v Sykes Datatronics*, 59 NY2d 500, 504-505 [1983]; *St. Lawrence Factory Stores v Ogdensburg Bridge & Port Auth.*, 26 AD3d 700, 702 [2006]; 24 Lord, Williston on Contracts § 64:2 [4th ed]).

---

* The trial has been stayed pending the outcome of this appeal.

The doctrine of promissory estoppel may be asserted in a variety of different contexts, and the measure of damages to be obtained may differ as well, depending on the factual underpinnings supporting the doctrine (*see e.g. Merex A.G. v Fairchild Weston Sys., Inc.*, 29 F3d 821, 824 [1994], *cert denied* 513 US 1084 [1995] [contrasting the remedies available when the doctrine is invoked as a substitute for consideration and when invoked to avoid injustice where the statute of frauds bars enforcement of an oral agreement]; Restatement [Second] of Contracts § 90, Comment *d* [noting that in promissory estoppel cases "full-scale enforcement by normal remedies is often appropriate" but "relief may sometimes be limited to restitution or to damages or specific relief measured by the extent of the promisee's reliance rather than by the terms of the promise"]). Here, we are called upon to decide solely what type of damages are potentially available to plaintiff in this action, where it has been determined that no contract or meeting of the minds was ever formed, because the parties failed to agree to essential terms (*see* 31 AD3d at 985). Plaintiff is not asking Supreme Court to enforce a contract that would otherwise be enforceable but for lack of consideration (*cf.* Restatement [Second] of Contracts § 90, Comment *a*, Illustration 1]), but to provide a remedy where the underlying agreement fails for indefiniteness (*see* 4 Lord, Williston on Contracts § 8:6 [4th ed]). The doctrine is not being used "defensively in support of contract rights" but, instead, to create "a new right in the interests of justice" with relief designed to achieve equity (*Geneva Pharms. Tech. Corp. v Barr Labs., Inc.*, 2003 WL 1345136, *4 [SD NY 2003]). Under these circumstances, plaintiff "is not entitled to the benefit of the bargain because there was no bargain" (*id.*; *see* Restatement [Second] of Contracts § 90, Comment *d*, Illustrations 8, 12). Accordingly, we hold that Supreme Court correctly limited the proof to those expenses that plaintiff incurred in relying on defendant's alleged promise.

Cardona, P.J., Mercure, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.