15-554-cv(L)
World of Boxing, LLC v. King

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand fifteen.

PRESENT:   AMALYA L. KEARSE,
           REENA RAGGI,
           RICHARD C. WESLEY,
               *Circuit Judges*.

------------------------------------------------------------------------

WORLD OF BOXING, LLC, VLADIMIR HRUNOV, and ANDREY RYABINSKIY,

          *Plaintiffs-Counter-Defendants-*
          *Appellees-Cross-Appellants*,

                                    No. 15-554-cv(L);
   v.                           No. 15-725-cv(XAP)

DON KING and DON KING PRODUCTIONS, INC.,[*]

          *Defendants-Counter-Claimants-*
          *Appellants-Cross-Appellees*.

------------------------------------------------------------------------

---

[*]  The Clerk of Court is directed to amend the official caption as shown above.

APPEARING FOR APPELLANTS-CROSS-APPELLEES:

T. BARRY KINGHAM (Andrew B. Zinman, *on the brief*), Curtis, Mallet-Prevost, Colt & Mosle LLP, New York, New York.

APPEARING FOR APPELLEES-CROSS-APPELLANTS:

KENT A. YALOWITZ (Matthew David Grant, *on the brief*), Arnold & Porter LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 13, 2015, is AFFIRMED in part and REVERSED in part.

Defendants Don King and Don King Productions, Inc. (collectively "King") appeal from a summary award of $990,811.19 in damages, as well as pre- and post-judgment interest, to plaintiffs Vladimir Hrunov and Andrey Ryabinskiy, who do business as World of Boxing, LLC (collectively "WOB"). Plaintiffs sued for breach of a boxing contract resulting from King's boxer Guillermo Jones not being able to compete because he tested positive for a banned substance. King disputes both the summary determination of liability and the damage award. WOB cross-appeals the calculation of the damage award. "We review an award of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in his favor." McElwee v. County of Orange, 700 F.3d 635, 640 (2d Cir. 2012). We assume the parties'

2

familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm with respect to liability and affirm in part and reverse in part with respect to damages.

1.    Liability Award

In challenging the liability aspect of the judgment, King argues only that there were disputed issues of material fact as to (1) who called off the bout, WOB or the World Boxing Association ("WBA"); and (2) whether WBA's on-site ruling that the bout could proceed precluded WOB from calling off the fight.   The argument merits little discussion because the contract at issue specifically required King to produce Jones for the bout on April 25, 2014, and required the fighters to abide by the WBA rules on performance enhancing drugs as incorporated into the contract.   As the district court correctly concluded, there was no dispute that Jones ingested furosemide, a substance banned by WBA rules.   Any disputed facts surrounding the determinations of WBA officials at the time,[1] or who finally called off the bout, are thus not material to whether King breached the parties' contract.

---

[1] In urging otherwise, King points to WBA Rule C.42, which states that "[d]uring a sanctioned contest or its related preliminary matters, a Supervisor is empowered to resolve unforeseen issues that require an immediate decision.   The Supervisor's decision in these exceptional cases is irrevocable."   J.A. 169.   King fails, however, to demonstrate that the WBA views as so "unforeseen" or "exceptional" failing a drug test as to come within this rule.   Indeed, the rules on drug testing at C.45, E.24, and Article 13 of Appendix A suggest otherwise.   See J.A. 170, 176, 189–93.   In any event, the contract obligated King to produce a fighter who had abided by WBA drug rules.   It provided no exception based on Rule C.42.

3

Nor did the district court err in denying certain of King's discovery requests pertaining to liability, as King failed to demonstrate either below or on appeal how the requested discovery would shed light on any disputed issue of fact material to contract liability.

2.    Calculation of Damages

WOB acknowledged that its expectation damages for breach of contract would be highly speculative and, instead, sought reliance damages.  Under New York law, "a plaintiff may recover 'damages based on his reliance interest, including expenditures made in preparation for performance or in performance, less any loss that the party in breach can prove with reasonable certainty the injured party would have suffered had the contract been performed.'"  St. Lawrence Factory Stores v. Ogdensburg Bridge & Port Auth., 13 N.Y.3d 204, 208, 889 N.Y.S.2d 534, 535 (2009) (quoting Restatement (Second) of Contracts § 349).  Following these principles, the district court considered plaintiffs' roughly $1 million in preparatory costs as well as $800,000 in an escrow account, of which $250,000 had already been disbursed to King.  Although King argued that WOB's losses would have exceeded the available recovery, the district court determined that he had not carried his burden to demonstrate such losses with reasonable certainty.  Thus, it concluded that WOB was entitled to return of the money remaining in the escrow account plus its preparatory costs, minus any ticket sales that had not been refunded, with the total

4

then subject to pre- and post-judgment interest. <u>See</u> <u>World of Boxing LLC v. King</u>, No. 14-CV-3791 (SAS), 2015 WL 427225, at *5 (S.D.N.Y. Feb. 2, 2015) ("<u>WOB II</u>").

King does not dispute his burden to show the amount that WOB would have lost had the contract been performed. Rather, he argues that the district court improperly denied discovery as to WOB's claimed sources of revenue, depriving him of the opportunity to substantiate his argument. Yet nowhere in King's summary judgment filings or in any other communication to the district court did he complain that discovery had been inadequate or frustrated. <u>See</u> <u>Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.</u>, 769 F.2d 919, 925–27 (2d Cir. 1985) (citing Fed. R. Civ. P. 56(f)'s requirements for form in which such discovery objection to summary judgment must be made). King offers no reason why we should now overturn on appeal a grant of summary judgment based upon his belated assertion that he needed discovery to carry his burden of proof.

WOB, in turn, disputes the district court's construction of the parties' Escrow Agreement to preclude its recovery in this action of the $250,000 disbursed to King. The Escrow Agreement required WOB to place $800,000 into an escrow account with $250,000 disbursed to King immediately and the remaining $550,000 either disbursed to King after the bout took place or returned to WOB if the bout did not take place. J.A. 40. Based on the Agreement's recognition of the possibility that the bout would not take place (and its provision for only the $550,000 remainder to be returned to WOB), the district court concluded that "$250,000 of the $800,000 deposit was intended as an 'immediately

5

payable,' non-refundable signing bonus." WOB II, 2015 WL 427225, at \*2 (quoting Escrow Agreement 4(i)). Yet no provision of the contract so states, or makes the $250,000 unrecoverable in the case of a breach of contract, or provides for the return of the remaining $550,000 as the exclusive remedy. See Ohanian v. Avis Rent A Car Sys., Inc., 779 F.2d 101, 109–10 (2d Cir. 1985) ("[A] liquidated damage clause must be the result of an express agreement between the parties; courts will not read such a clause into a contract by implication." (citing Winkelman v. Winkelman, 208 A.D. 68, 70, 203 N.Y.S. 63, 64 (1st Dep't 1924))); cf. Vacold LLC v. Cerami, 545 F.3d 114, 130 (2d Cir. 2008) ("[New York courts] appear willing, at least in some circumstances, to recognize limitations on available remedies, but they do so only when the contract 'contains a clause specifically setting forth the remedies available to the buyer if the seller is unable to satisfy a stated condition.'" (quoting 101123 LLC v. Solis Realty LLC, 23 A.D.3d 107, 108, 801 N.Y.S.2d 31, 31–32 (1st Dep't 2005) (emphasis added by Vacold v. Cerami))). Rather, the Escrow Agreement is best understood as allocating $250,000 to King in the first instance, with the remainder to WOB in the event that the bout did not take place, without regard to whether that was attributable to breach. Because the Agreement does not specify breach remedies, the parties' remedies are those afforded by New York law. As the district court observed, reliance damages under New York law "seek to restore the injured party to the position she was in before the contract was formed." WOB II, 2015 WL 427225, at \*2 (citing Clifford R. Gray, Inc. v. LeChase Constr. Servs., 51 A.D.3d 1169, 1170, 857 N.Y.S.2d 347, 349 (3d

6

Dep't 2008)); accord Farash v. Sykes Datatronics, Inc., 59 N.Y.2d 500, 504–05, 465 N.Y.S.2d 917, 919–920 (1983). WOB is entitled to be returned its expenditures in reliance on the contract, which include all money placed into the escrow account.[2]

3.    Conclusion

We have considered the parties' remaining arguments and conclude that they are without merit.   The judgment of the district court is AFFIRMED in part and REVERSED in part, and the case is REMANDED to the district court to enter judgment in accordance with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] Similarly, because WOB's remedies are not limited to the return of the remaining escrow funds, it is entitled to recoup the fees collected by the Escrow Agent (for which fees, in any event, King is contractually responsible, see J.A. 43).

7