Andrew R. Mancini Assoc., Inc. v Murphy Excavating Corp. (2019 NY Slip Op 03859)





Andrew R. Mancini Assoc., Inc. v Murphy Excavating Corp.


2019 NY Slip Op 03859


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

526458

[*1]ANDREW R. MANCINI ASSOCIATES, INC., Respondent,
v
MURPHY EXCAVATING CORPORATION, Appellant.

Calendar Date: March 26, 2019

Before: Garry, P.J., Lynch, Clark, Mulvey and Rumsey, JJ.


Rossi & Rossi, New York Mills (Vincent J. Rossi Jr. of counsel), for appellant.
Hinman, Howard & Kattell, LLP, Binghamton (Daniel R. Norton of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Supreme Court (Tait, J.), entered February 8, 2018 in Broome County, which, among other things, denied defendant's motion for summary judgment dismissing the complaint.
In December 2016, in preparation for submitting a bid to serve as the general contractor on a reconstruction project, plaintiff solicited quotes from subcontractors to perform excavation and landscaping work on the project. Defendant submitted a quote, which plaintiff incorporated into its bid after purportedly confirming with defendant the scope of work and price quoted. In January 2017, plaintiff informed defendant that it had won the contract to serve as general contractor on the project. The parties thereafter engaged in discussions regarding the scope of defendant's work and, upon plaintiff's request, defendant provided a revised quote that included the construction of a temporary access road. The parties' ensuing attempt to negotiate and enter into a written subcontract was unsuccessful and ultimately terminated upon defendant's notification to plaintiff that, due to allegedly "unreasonable" terms and conditions in the proposed subcontract, it would not enter into any agreement with plaintiff. As a result, plaintiff sought the desired excavating and landscaping services from a different subcontractor at a higher price.
In April 2017, plaintiff commenced this action, asserting a claim for breach of contract and seeking to recoup the difference between the amount it ultimately paid for excavation and landscaping work and the price quoted by defendant. In lieu of answering, defendant moved for, among other things, dismissal of the complaint (see CPLR 3211 [a] [1], [7]). Plaintiff cross-moved for leave to file and serve an amended complaint substituting its breach of contract claim with a claim for promissory estoppel. After oral argument on the motions, Supreme Court advised the parties that it was converting defendant's motion to dismiss into a motion for summary judgment dismissing the complaint (see CPLR 3211 [c]) and afforded the parties an opportunity to submit additional proof. Following further oral argument, Supreme Court, among other things, granted plaintiff's cross motion for leave to file and serve an amended complaint [*2]and, finding that plaintiff had stated a viable claim for promissory estoppel and that questions of fact existed as to "what transpired during the contract negotiations," denied defendant's motion for summary judgment dismissing the complaint. Defendant appeals, and we affirm.
To state a valid claim for promissory estoppel, a plaintiff must allege that the defendant "'made a clear and unambiguous promise'" to the plaintiff and that the plaintiff reasonably relied on that promise to its detriment (Bunkoff Gen. Contrs. v Dunham Elec., 300 AD2d 976, 978 [2002], quoting R. Freedman & Son v A.I. Credit Corp., 226 AD2d 1002, 1003 [1996]; see Clifford R. Gray, Inc. v LeChase Constr. Servs., 51 AD3d 1169, 1170 [2008]). We agree with Supreme Court that plaintiff stated a viable cause of action for promissory estoppel here and that triable issues of fact — including, but not limited to, the parties' negotiation of the subcontract — preclude an award of summary judgment dismissing the complaint (see Bunkoff Gen. Contrs. v Dunham Elec., 300 AD2d at 976 n 2, 978; cf. LAHR Constr. Corp. v Kozel & Son, 168 Misc 2d 759, 765-766 [S Ct, Monroe County 1996]). Accordingly, there is no basis upon which to disturb Supreme Court's order.
Garry, P.J., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.