■ Leonard R. Halpern, Respondent-Appellant, v Rubin Shafran, Appellant-Respondent, et al., Defendants.—In an action, *inter alia,* to recover damages for the breach of a

contract to construct a house, (1) the defendant Rubin Shafran appeals from so much of an order of the Supreme Court, Orange County (Marbach, J.), dated November 21, 1985, as denied that branch of his motion which was to dismiss the first cause of action asserted in the complaint, and (2) the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted that branch of the defendant Shafran's motion which was to dismiss the second cause of action asserted in the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the first cause of action asserted in the complaint and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the appellant-respondent.

The plaintiff set forth five causes of action in his complaint, the first two of which are the subject of the instant appeal and cross appeal. The first cause of action stated, *inter alia,* that Shafran, who had entered into an alleged oral contract with the plaintiff for the construction of a house, breached his promise under the agreement to perform all work in a workmanlike manner and in accordance with both good construction practice and applicable municipal codes. The second cause of action alleged that, pursuant to the agreement, the appellant guaranteed material and workmanship for a period of one year, and that he subsequently failed to repair certain defects, thus breaching the warranty. Shafran moved pursuant to CPLR 3211 (a) (5) and (7) to dismiss, *inter alia,* the first and second causes of action in the complaint on the ground that the oral agreement, by its terms, could not be performed within one year of the contract date, and was hence unenforceable under the Statute of Frauds (General Obligations Law § 5-701 [a] [1]). The court (Marbach, J.) granted that branch of the defendant Shafran's motion which was to dismiss the second cause of action, reasoning that the oral guarantee, by its terms, extended for more than a year beyond the contract date. However, the court denied that branch of the motion which was to dismiss the first cause of action, on the ground that the construction of the house could have been performed within one year, and that portion of the agreement, therefore, was not subject to the Statute of Frauds. This appeal and cross appeal followed.

We conclude that Special Term erred in failing to dismiss the first cause of action in the complaint. It is manifest that

the effective period of the subject warranty was one year from the date of the completion of construction, and that the warranty was part of one indivisible oral contract. Since the completion of construction could not have occurred instantaneously with the making of the oral contract, the agreement, inclusive of the warranty provision, was not capable of performance within one year of the contract date. The plaintiff, moreover, does not allege full performance of the contract terms by both parties so as to remove the agreement from the one-year provision of the Statute of Frauds (Montgomery v Futuristic Foods, 66 AD2d 64, 68; Tyler v Windels, 186 App Div 698, affd 227 NY 589). Accordingly, the agreement was void pursuant to General Obligations Law § 5-701 (a) (1).

Clearly, in light of the foregoing, the second cause of action was properly dismissed. Mangano, J. P., Niehoff, Kunzeman and Kooper, JJ., concur.