■ ANTHONY RELLA, Respondent, v D. BRUCE McMAHON et al., Appellants.—Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered March 13, 1990, which, *inter alia,* denied defendants' motion for summary judgment on the first cause of action of plaintiff's complaint for breach of contract, unanimously affirmed, to the extent appealed from, without costs.

Plaintiff seeks damages for the purported breach of an oral partnership agreement which allegedly granted him a 50% share of the proceeds of an enterprise to market computer software programs. Defendants moved for summary judgment, and the court granted the motion with respect to all causes of action except the cause of action for breach of contract, as to which the court found issues of fact.

Defendants contend that enforcement of the purported agreement is barred by the Statute of Frauds. However, an oral partnership for an indefinite period is considered a partnership at will *(Wahl v Barnum,* 116 NY 87, 97; *Shandell v Katz,* 95 AD2d 742, 743). Further, while defendants offered evidence to disprove the existence of the purported partnership, plaintiff set forth sufficient evidence, including evidence that a capital contribution and loans were made, and profits distributed, to raise issues of fact. Nor is the fact that the action was commenced in law rather than equity fatal, as the pleadings give adequate notice of the claim *(Lane v Mercury Record Corp.,* 21 AD2d 602, *affd* 18 NY2d 889). Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.