■ F.S. INTERTRADE OFFICE PRODUCTS, INC., et al., Respondents, v MARIA BABINA et al., Appellants, et al., Defendants. [605 NYS2d 57] —Order and judgment (one paper), Supreme Court, New York County (Eugene Nardelli, J.), entered December 21, 1992, which, after a jury trial, awarded plaintiff Sam Steinberg $57,385, plus interest, against defendant Maria Babina, and $1,750, plus interest, against both defendants Maria and Frank Babina, unanimously affirmed, without costs.

Plaintiff F.S. Intertrade Office Products, Inc. ("Intertrade"), a New York corporation, and its President and Treasurer, plaintiff Sam Steinberg ("Steinberg"), instituted this action for breach of fiduciary duty, misrepresentation, and corporate waste against appellant Maria Babina, the Secretary of Intertrade, her husband, appellant Frank Babina, and defendant Vasco Raffaelli ("Raffaelli"), the President of defendant Atlas System Italia, S.P.A. ("Atlas"), an Italian corporation.

The trial court properly declined to set aside the jury verdict since the verdict turned on the jury's assessment of the credibility of the witnesses with respect to whether the appellants had breached their fiduciary duty and defrauded the plaintiffs by converting for their own use, as part of an alleged "kickback scheme", sales commissions which the appellants had misrepresented to the plaintiffs were specifically intended for defendant Raffaelli and/or Atlas *(see, Frangello v Namm,* 157 AD2d 649).

The trial court also properly submitted to the jury plaintiffs' claim of fraud since the plaintiffs established at trial that plaintiff Steinberg, at Maria Babina's direction and in detrimental reliance upon her misrepresentation that commissions in the amount of $10 per typewriter sold were due to defendant Raffaelli, had issued three corporate checks, totalling $95,000, to the order of Raffaelli, which were diverted by

appellants for their own personal use from Raffaelli's Citibank account.

Nor did the trial court commit reversible error in failing to find, as a matter of law, that plaintiff Steinberg had violated the New York Statute of Frauds (General Obligations Law § 5-701 [a] [10]), insofar as it requires an agreement to pay compensation for services rendered in negotiating a loan or business opportunity to be in writing, since the credible evidence presented to the jury established that the parties' agreement to pay plaintiff Steinberg additional profits for securing a $650,000 loan from his father-in-law, primarily for the purpose of engaging in a bulk purchase transaction involving the purchase and sale of new and used typewriters, was more closely akin to that of a "joint venture", to which the Statute of Frauds is inapplicable (*Richman v Federated Adj. Co.,* 95 AD2d 850, *lv dismissed* 60 NY2d 558; *Chalmers v Eaton Corp.,* 71 AD2d 721, 722).

Appellants waived their right to a reference for the purpose of conducting an accounting, by submitting their accounting claim to the jury at trial and only seeking such a reference after the plaintiffs had completed their case, in connection with the appellants' motion for a directed verdict. In any event, appellants were not entitled to a compulsory reference pursuant to CPLR 4317 (b), since, as appellants' counsel conceded to the jury, the issues involved were neither so numerous and tedious that it would be impossible for the jury to resolve them within the reasonable time limits of a trial nor primarily presented an issue of appropriate computation (*Schanback v Schanback,* 130 AD2d 332, 340).

We have reviewed the appellants' remaining claims and find them to be without merit. Concur—Ellerin, J. P., Sullivan, Kupferman and Rubin, JJ.