■ J. R. LOFTUS, INC., Respondent, v DAVID R. WHITE et al., Appellants. [611 NYS2d 948] —Crew III, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered February 22, 1993 in Albany County, upon a verdict rendered in favor of plaintiff.

Plaintiff commenced this action seeking to recover damages for the alleged breach of an oral contract. At trial, plaintiff's president, John Loftus, testified that in October 1986 he and defendants entered into discussions regarding the construction of a house for defendants in the Town of New Scotland, Albany County. Loftus testified that during these initial discussions, defendant David R. White informed him that he could build the house if he were able to obtain the requisite building permit and begin construction in a prompt manner. Loftus thereafter began preparatory work with the building plans, subcontractors and defendants' architect, purchased a water tap for the property and prepared the application for a building permit.

On or about October 11, 1986, Loftus flew to North Carolina to view defendants' residence there, upon which their Albany County home was to be modeled. Loftus testified that on this date, White informed him that he would be the contractor for

the project, instructed him to proceed with clearing the land on the building site and asked him to have a written agreement drawn up. It is uncontroverted that as of this date, the parties had agreed upon, *inter alia,* the fee Loftus was to be paid for constructing the home ($90,000), a general payment schedule and a completion date. Although a firm price had not been established, the parties agreed that the price would be computed on a cost plus basis, and it was anticipated that the home would cost between $600,000 and $650,000. Following this meeting with defendants, Loftus was of the view that the contract was no longer contingent upon obtaining the necessary building permit, although White testified that this indeed remained a contingency. As for the written agreement, it appears that a draft contract was prepared but never executed.

Following his return from North Carolina, Loftus continued to work on the project and persisted in his attempts to obtain a building permit. On or about October 28, 1986 defendants, apparently concerned that such a permit would not be forthcoming, entered into a written contract with Henry Klersy to construct their home. The contract with Klersy did not contain a contingency that he obtain a building permit, as defendants apparently were satisfied with his oral assurances that he would be able to obtain one.

At the conclusion of the trial, the jury returned a special verdict finding that an oral contract existed between plaintiff and defendants, that defendants breached that contract, and that plaintiff was entitled to damages in the amount of $96,221.20 (representing the agreed-upon fee of $90,000 for building the home plus plaintiff's out of pocket expenses) and 50% of court fees. Supreme Court set aside that portion of the award concerning court fees and entered judgment in favor of plaintiff. This appeal by defendants followed.

Defendants' primary contention on appeal is that Supreme Court erred in charging the jury regarding the essential elements of an oral contract. We cannot agree. Supreme Court's charge as a whole adequately conveyed to the jury that it needed to resolve two separate and distinct factual issues: (1) whether the parties indeed had agreed upon all the terms that they deemed essential to the formation of this particular contract, and (2) whether the parties had also agreed upon those terms that would be essential to the formation of any contract in these circumstances. Defendants' contentions that the contract was contingent upon plaintiff obtaining a building permit and that there were numerous

factors that they deemed essential to the contract, including the nature and extent of any warranty provided by plaintiff, upon which no agreement had ever been reached, were presented to the jury in a complete and intelligible fashion, and Supreme Court's charge as a whole was fair and balanced.

As to the issue of damages, it is apparent that the $90,000 awarded does not constitute either liquidated damages or an unlawful penalty. Indeed, Supreme Court did not even instruct the jury on the issue of liquidated damages. Rather, the sum awarded represents the proper measure of plaintiff's expectancy damages under the contract. To the extent that the dissent suggests that Supreme Court should have charged the jury regarding the effect that any overhead expense incurred by plaintiff would have upon the amount of damages recoverable, we note that defendants neither requested a charge on this point nor raised this as an issue on appeal. Defendants' remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J. and Casey, J., concur.

Weiss, J. (dissenting). We respectfully dissent. The charge to the jury failed to distinctly identify the existence of two separate issues concerning the elements required to find that a contract had been made. Instead, Supreme Court combined both concepts in one sentence and continued with an itemization of five major terms which had been agreed upon and were not significantly disputed. The manner in which the charge was given suggested that if, indeed, these five itemized terms had been agreed upon, a contract existed and the verdict should be for plaintiff.

Although a charge may be technically correct insofar as it states applicable law, it is important that the charge be reduced to terms likely to be understood by the jury (*Bacon v Celeste*, 30 AD2d 324, 326).

Here, Supreme Court stated, in pertinent part: "If you find that the defendants either in express language or by their conduct agreed orally that the house would be built by the plaintiff and the plaintiff so agreed, and that the plaintiff and the defendants had agreed orally *upon all the terms of the contract deemed essential* by them, and *upon all the essential terms of the contract,* including the premises to be constructed, the plans and specifications thereof, the amount and manner in payment, in this case cost plus, the profit to be made by the plaintiff and the time period for the performance of the services contemplated, your verdict will be for the plaintiff.

On the other hand, if you find that neither in express language nor by conduct did the defendants and the plaintiff agree as aforesaid, your verdict will be for the defendants" (emphasis supplied). Here, the use of the phrases "upon all of the terms of the contract deemed essential by them, and upon all the essential terms of the contract, including" combined the two concepts in a confusing manner and placed an undue emphasis on the enumerated but basically unchallenged terms which would constitute the bare shell of any home construction contract. Thus deemphasized, the jury's attention was drawn away from the disputed issues rather than being focused on the legal principles applying to the specific contentions in dispute (see, Green v Downs, 27 NY2d 205, 208-209). The jury charge left an incorrect impression of the terms of which a home construction contract consists, i.e., agreement upon an outline of the bare minimum terms.

Even if the jury followed the charge correctly, it is impossible to determine from the verdict if the jury found that the contract included a specific warranty by the builder to the home owner. In his testimony, plaintiff's sole principal, John Loftus, suggested that there was a warranty which would extend for one year from completion. Defendant David R. White testified that a warranty was a basic unresolved term. Supreme Court failed to instruct the jury to determine whether a warranty was part of the contract. Moreover, the existence of a specific warranty which extended for six months or longer after construction was complete would render the contract incapable of being performed within one year of the date the contract was made and thus require that there be a writing in compliance with the Statute of Frauds (see, Halpern v Shafran, 131 AD2d 434, 436, lv denied 72 NY2d 802; see also, Caceci v Di Canio Constr. Corp., 72 NY2d 52).

Both Loftus and White testified that any contract between them was contingent upon plaintiff procuring a building permit. Loftus specifically testified that in the beginning "White had made it clear to me that if I could not obtain the building permit within a few weeks, I think his terminology was, 'we will have to shift gears and go with another builder' ". Although he took certain steps preliminary to an application for a building permit, Loftus testified that he never filed an application prior to the time White informed him that he had contracted another builder.

Moreover, there was sharply conflicting evidence on whether the contingency had been resolved or had been waived. Clearly the issues involving the contingency required

resolution by the jury. Significantly, Loftus acknowledged that defendants never told him that he did not have to get the permit. The jury was not instructed regarding this contingency and the effect of the actions by the parties in relation thereto.

Finally, we do not agree that $90,000 is a proper measure of plaintiff's damages. Prior to 1986, Loftus had only built two homes, one for himself and one for his brother-in-law. Plaintiff was not shown to be an ongoing business, but rather one just commencing home building operations. The testimony clearly established that $90,000 was to cover both overhead and profit. The overhead expense is not recoverable unless incurred as a result of a defendant's breach of contract. Here, Loftus did not have an ongoing business with established overhead. In fact, he testified that he was going to go back to sea with the merchant marine. In the jury charge, Supreme Court referred to the $90,000 solely as the intended profit with no mention of overhead.

Accordingly, we would reverse Supreme Court's judgment and remit for a new trial.

Mikoll, J., concurs. Ordered that the judgment is affirmed, with costs.