■ UNICORN ENTERPRISES, LTD., Appellant, v STONEWALL CONTRACTING CORP., Respondent. [648 NYS2d 153] —In an action, *inter alia,* to recover damages for breach of an alleged oral joint venture agreement, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Oshrin, J.), entered July 21, 1995, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

According to the plaintiff, it learned that the New York State Dormitory Authority (hereinafter the State) was soliciting bids for the renovation of certain dormitories, and the plaintiff prepared a preliminary bid. The plaintiff then contacted its bonding company, which told it that it would not be able to obtain the required bonds. Thereafter, on the advice of its broker, the plaintiff contacted the defendant, which agreed that it would become a coventurer with the plaintiff in the construction project and that the defendant would submit a bid to the State in its own name, but that if the bid was accepted, the plaintiff and the defendant would share equally in the profits from the

State contract and the plaintiff would perform the demolition and carpentry work necessary under the State contract. The plaintiff further alleged that within days of the defendant's executing the State contract, the defendant told the plaintiff that the defendant would not allow the plaintiff to perform any services under the State contract and that the defendant did not intend to share any profits with the plaintiff as a result of that contract.

Thereafter, the plaintiff instituted this action against the defendant, *inter alia,* for damages arising from the breach of the oral joint venture agreement. After issue was joined, the defendant moved for summary judgment to dismiss the complaint on the ground that it was barred by the Statute of Frauds. The plaintiff argues, among other things, that the agreement between it and the defendant was capable of being performed within one year and was, therefore, outside of the scope of the Statute of Frauds.

An oral agreement may be sufficient to create a joint venture *(see, e.g., Sugar Cr. Stores v Pitts,* 198 AD2d 833), and the Statute of Frauds is generally inapplicable to such an agreement (61 NY Jur 2d, Statute of Frauds, § 33, at 77; *see also, F.S. Intertrade Off. Prods. v Babina,* 199 AD2d 95; *Ackerman v Landes,* 112 AD2d 1081; *Chalmers v Eaton Corp.,* 71 AD2d 721, 722). However, because the oral joint venture that the plaintiff alleged it entered into with the defendant consisted of an agreement to perform and share in the profits from the State contract, which contained several multi-year warranty provisions, the joint venture agreement was incapable of being performed within one year and was thus barred by the Statute of Frauds *(see, e.g., J.R. Loftus, Inc. v White,* 85 NY2d 874; *Cadin Contr. Corp. v Herman Constr. Co.,* 198 AD2d 320; *Halpern v Shafran,* 131 AD2d 434; *Panama-Williams, Inc. v Lipsey,* 576 SW2d 426; *cf., Carlin Constr. Co. v Whiffen Elec. Co.,* 66 AD2d 684).

The plaintiff's remaining contentions are unpreserved for appellate review or without merit. O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.