■ MARVIN PRINCE, Appellant, v DARRIN O'BRIEN et al., Respondents. [650 NYS2d 157] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 30, 1996, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

The IAS Court properly rejected defendants' argument that the provision of the Statute of Frauds which bars enforcement of oral agreements which by their terms are not to be performed within a year of their making or before the end of a lifetime (General Obligations Law § 5-701 [a] [1]) requires dismissal of plaintiff's claim, which is based on plaintiff's allegation of an oral partnership agreement between himself and defendant Darrin O'Brien. An oral agreement to form a partnership for an indefinite period creates a partnership at will and is not barred by the Statute of Frauds (*Wahl v Barnum*, 116 NY 87, 97; *Rella v McMahon*, 169 AD2d 555).

However, contrary to the IAS Court, we find that defendants failed to meet their burden of establishing that no material questions of fact remain as to whether the parties did in fact enter into the oral agreement and that summary judgment dismissing the complaint was not warranted. Not only are the parties' sworn allegations in direct conflict as to whether the oral agreement was made, but plaintiff supported his sworn allegation with circumstantial evidence, including evidence that he contributed services related to defendant's artistic development, that he provided musical accompaniment and composed for and performed with defendant, and that he introduced defendant to music industry contacts. He also offered evidence that, after they entered into their agreement but prior to defendant's success, plaintiff from time to time financed defendant's living expenses while on visits to New York. Moreover, while proof was submitted demonstrating that certain payments were made to plaintiff, which were characterized as "payroll" expenses on defendant's books, in support of defendant's contention that plaintiff was an employee rather than a partner, plaintiff asserts that these payments were merely per diem payments intended to cover expenses incurred by plaintiff while on tour with defendant. It is clear, therefore, that questions of fact remain as to the nature of the relationship between plaintiff and defendant which preclude summary disposition herein. Concur—Rosenberger, J. P., Ellerin, Williams, Mazzarelli and Andrias, JJ.