■ MONTES CORPORATION et al., Respondents, v CHARLES FREIHOFER BAKING COMPANY, INC., Doing Business as FREIHOFER'S, Appellant. [791 NYS2d 834]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated November 13, 2003, which denied its motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the plaintiffs' fourth cause of action to recover damages for the improper termination of the contract.

Ordered that the order is affirmed, with costs.

On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (7), the court must accept as true the factual allegations of the complaint and accord the plaintiff all favorable inferences which may be drawn therefrom (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *Rochdale Vil. v Zimmerman,* 2 AD3d 827 [2003]). The allegations in the complaint, and in any supporting affidavit, must be taken as true (*see Gingold v Beekman,* 183 AD2d 870 [1992]), and if the plaintiff can succeed upon any reasonable view of the allegations, the complaint may not be dismissed (*see Board of Educ. of City School Dist. of City of New Rochelle v County of Westchester,* 282 AD2d 561, 562 [2001]). Accordingly, the defendant's motion to dismiss the plaintiff's fourth cause of action to recover damages for improper termination of the distributor's agreement was properly denied.

Furthermore, dismissal of the complaint was not warranted based upon documentary evidence (*see* CPLR 3211 [a] [1])

because the evidence submitted was not such that it "resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Trade Source v Westchester Wood Works,* 290 AD2d 437, 438 [internal quotation marks omitted] [2002]; *see Berger v Temple Beth-El of Great Neck,* 303 AD2d 346, 347 [2003]; *Tougher Indus. v Northern Westchester Joint Water Works,* 304 AD2d 822, 823 [2003]). Adams, J.P., Santucci, Goldstein and Lifson, JJ., concur.