Martin Greenfield Clothiers, Ltd. v Brooks Bros. Group, Inc. (2019 NY Slip Op 06225)





Martin Greenfield Clothiers, Ltd. v Brooks Bros. Group, Inc.


2019 NY Slip Op 06225


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-12459
 (Index No. 521484/16)

[*1]Martin Greenfield Clothiers, Ltd., appellant,
v
Brooks Brothers Group, Inc., respondent.


Mark E. Seitelman Law Offices, P.C., New York, NY (Jonathan Pryor of counsel), for appellant.
Harris, St. Laurent & Chaudhry LLP, New York, NY (Yonaton Aronoff and Kristin E. Olson of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 28, 2017. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
Pursuant to the terms of an alleged oral agreement, the plaintiff, a men's tailored clothing manufacturer, was to be the exclusive manufacturer of certain custom suits for the defendant, a retail clothier. As per the terms of the alleged oral agreement, either party could terminate the agreement upon one-year notice. Allegedly, the defendant breached the oral agreement by terminating it without providing the requisite notice.
Based on the foregoing, the plaintiff, by its amended complaint, sought to recover damages for breach of contract and under the theory of promissory estoppel. The defendant made a pre-answer motion pursuant to CPLR 3211(a) to dismiss the amended complaint. The Supreme Court granted the motion, and the plaintiff appeals.
We agree with the Supreme Court's determination directing dismissal of the plaintiff's breach of contract cause of action pursuant to CPLR 3211(a)(5), since the alleged oral agreement is unenforceable as violative of the statute of frauds (see Uniform Commercial Code § 2-201[1]; General Obligations Law § 5-701[a][1]). The plaintiff's contention that UCC 2-201(1) is not applicable to the alleged oral agreement is improperly raised for the first time in a reply brief on appeal (see Coppola v Coppola, 291 AD2d 477, 477). Further, contrary to the plaintiff's contention, the alleged oral agreement does not fall within the exception to UCC 2-201(1) for "specially manufactured" goods (Uniform Commercial Code § 2-201[3][a]; see e.g. Automated Cutting Techs., Inc. v BJS N. Am. E, Inc., 2012 WL 2872823, *5, 2012 US Dist Lexis 96745, *15 [ED KY, July 12, 2012, No. 5:10-CV-208-REW]). Moreover, the alleged oral agreement, which by its terms cannot be performed within one year, also is unenforceable under General Obligations Law § 5-701(a)(1) (see Halpern v Shafran, 131 AD2d 434, 435-436; Tip Top Farms v Dairylea Coop., 114 AD2d 12, 33, affd 69 NY2d 625; cf. D & N Boening v Kirsch Beverages, 63 NY2d 449, 458).
In addition, we agree with the Supreme Court's determination directing dismissal of the plaintiff's promissory estoppel cause of action pursuant to CPLR 3211(a)(7) for failure to state a cause of action, as the cause of action is impermissibly predicated on allegations that the defendant violated the same promise it made under the oral agreement (see Celle v Barclays Bank P.L.C., 48 AD3d 301, 303; Brown v Brown, 12 AD3d 176, 176-177; see generally Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389-390). Moreover, to the extent that the plaintiff's promissory estoppel cause of action may have been asserted to circumvent the statute of frauds, the plaintiff was required, but failed to, assert that it suffered unconscionable injury in reliance on the defendant's alleged promise (see Carvel Corp. v Nicolini, 144 AD2d 611, 612-613; D & N Boening v Kirsch Beverages, 99 AD2d 522, 524, affd 63 NY2d 449; Swerdloff v Mobil Oil Corp., 74 AD2d 258, 263-264).
In light of our determination, we need not reach the parties' remaining contentions.
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court