Liegey v Gadeh (2021 NY Slip Op 05461)





Liegey v Gadeh


2021 NY Slip Op 05461


Decided on October 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 12, 2021

Before: Renwick, J.P., Kern, Oing, Mendez, Rodriguez, JJ. 


Index No. 152377/18 Appeal No. 14334-14334A Case No. 2021-01247 

[*1]Catherine Liegey, Plaintiff-Respondent,
v
Mark Gadeh, et al., Defendants-Appellants.


Jason J. Rebhun, P.C., New York (Jason J. Rebhun of counsel), for appellants.
Michael G. O'Neill, New York, for respondent.



Order, Supreme Court, New York County (Kathy J. King, J.), entered on or about April 7, 2021, which denied defendants' motion to dismiss the complaint, unanimously modified, on the law, to grant the motion to dismiss the cause of action for conversion insofar as premised on misappropriation of a $16,000 fee and photographs, design, and coding used on the website for defendant The Front Row, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about April 7, 2021, which denied defendants' motion to compel discovery and for a protective order, unanimously modified, on the facts, to grant the motion insofar as directing plaintiff to produce documents responsive to defendants' Document Request Number 5, and otherwise affirmed, without costs.
The complaint states a cause of action for fraud. Plaintiff alleged with specificity that defendant Mark Gadeh, intending to deceive her, made false representations about material facts — namely, his intention to make her a principal of defendant The Idea Lab Group and give her a share of the profits — and that she justifiably relied on those representations in providing services on defendants' behalf, thus suffering money damages (see CPLR 3016[b]; Ross v Louise Wise Servs., Inc., 8 NY3d 478, 488 [2007]).
The complaint also states a cause of action for unjust enrichment and quantum meruit. Plaintiff alleged that she performed agreed-upon services for Idea Lab with the expectation that she would be compensated for the reasonable value of those services by receiving an ownership stake in the company, yet did not receive the company equity that Gadeh promised her (see Farina v Bastianich, 116 AD3d 546, 547-548 [1st Dept 2014]; Foster v Kovner, 44 AD3d 23, 29 [1st Dept 2007]).
However, as to the cause of action for conversion, defendants had lawful possession of the website that plaintiff had created for defendant The Front Row, as well as the photographs, design, and coding used on the website. Since plaintiff did not allege that she demanded return of those items, she cannot sustain her claim for conversion of the website, the design and coding for the website, and the photographs (see State of New York v Seventh Regiment Fund, Inc., 98 NY2d 249, 260 [2002]). Plaintiff also cannot sustain the conversion claim for a $16,000 fee purportedly owed to her, since "an action for conversion cannot be validly maintained where damages are merely being sought for breach of contract" (Peters Griffin Woodward, Inc. v WCSC, Inc., 88 AD2d 883, 883-84 [1st Dept 1982]). Nonetheless, plaintiff has standing to assert a claim for conversion of an $8,000 monthly salary payment, because "[c]onversion is concerned with possession, not with title" (Seventh Regiment Fund, 98 NY2d at 259).
The court providently exercised its discretion in denying that portion of the motion to compel compliance with CPLR 3122(c). Plaintiff's document production meets the requirements of the statute, and indeed, plaintiff [*2]went beyond the strict requirements of the statute by producing the documents in an electronically searchable format (see Arbor Realty Funding, LLC v Herrick, Feinstein LLP, 145 AD3d 624, 624 [1st Dept 2016]). The motion court also providently exercised its discretion in denying defendants' request for a protective order pursuant to CPLR 3103 with respect to certain interrogatories and document requests. The interrogatories seek information relevant to, among other things, the reasonableness of plaintiff's reliance on Gadeh's alleged misrepresentations that he would fund the Idea Lab's business venture, and the document requests relate to business dealings in China, which are relevant in light of the allegations regarding the parties' efforts to secure business in that country.
However, the part of the motion that seeks, pursuant to CPLR 3124, to compel the production of documents responsive to Document Request Number 5 should be granted (see Andon ex rel. Andon v 302-304 Mott St. Assocs., 94 NY2d 740, 746 [2000]).
There is no basis on this record to disturb the court's finding that plaintiff's interrogatory responses were sufficient.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2021