21-1021-cv
Grasso v. Donnelly-Schoffstall

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-two.

PRESENT:
> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> *Circuit Judges.*

———————————————————

**BARBARA GRASSO, individually, DBA DeGrasso's Bernese Mountain Dogs,**

*Plaintiff-Appellant*,

v.                                                        21-1021

**JENNIFER DONNELLY-SCHOFFSTALL, individually, DBA Blue Ribbon Acres, DBA Anatar's Bernese Mountain Dogs, DBA Blue Ribbon Acres Kennels, DBA Aces Canine,**

*Defendant-Appellee*.

———————————————————

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Barbara Grasso, pro se, Stratford, NY. |
| **FOR DEFENDANT-APPELLEE:** | Stephanie M. Campbell, Bond, Schoeneck & King PLLC, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Appellant Barbara Grasso, who was represented by counsel in the district court and is proceeding pro se on appeal, sued Jennifer Donnelly-Schoffstall for breach of contract and unjust enrichment under New York law, based on the dissolution of an alleged agreement to jointly breed and sell Bernese Mountain Dogs.   The district court dismissed the complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6), reasoning that Grasso had not alleged an agreement in sufficiently definite terms to establish the existence of a contract; that any contract would in any event be barred by the New York statute of frauds because, by its terms, it could not be performed within one year; and that Grasso could not avoid the statute of frauds by relabeling her contractual claim as a claim for unjust enrichment.   Grasso challenges those rulings and argues that the district court erred in denying her request for leave to amend.[1]   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 19 F.4th 145, 147 (2d Cir. 2021) (citation omitted).

---

[1] Donnelly-Schoffstall moves to strike exhibits to Grasso's complaint that are not part of the district court record.   Grasso has not argued that the exhibits were omitted from the record due to "error or accident."   *See* Fed. R. App. P. 10(e)(2).   Thus, the motion to strike is GRANTED.

"We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018) (citation omitted).

**I.       Breach of Contract**

"To state a claim for breach of contract under New York law, the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017) (cleaned up). As to the first element, "[i]t is well settled that a contract must be definite in its material terms in order to be enforceable." *Clifford R. Gray, Inc. v. LeChase Constr. Servs., LLC*, 31 A.D.3d 983, 985 (3d Dep't 2006) (citation omitted). This requirement is satisfied where there is "an objective method for supplying a missing term." *Id.* at 986 (citation omitted).

We affirm the district court's conclusion that the vague and internally inconsistent allegations in Grasso's complaint failed to provide an objective method for determining Donnelly-Schoffstall's obligations under the alleged contract. For example, Grasso alleged both that Donnelly-Schoffstall was required to pay Grasso's credit card bills and also that she was required only to "assist" in paying those bills. She also alleged that Donnelly-Schoffstall was required to "shar[e]" the profits from the sale of puppies without specifying whether there was a specific percentage or amount to which Grasso was entitled. Such vague allegations are not sufficiently definite to be enforceable.

We also agree with the district court that, as pleaded, the alleged contract would be barred

3

by the New York statute of frauds. A contract is void under New York law unless it is reduced to a writing if it "[b]y its terms is not to be performed within one year from the making thereof." N.Y. Gen. Oblig. L. § 5-701(a)(1). A contract of indefinite duration, lacking a provision for a party to terminate the contract other than by breaching it, cannot be performed within one year of its making. *See D & N Boening, Inc. v. Kirsch Beverages, Inc.*, 63 N.Y.2d 449, 457 (1984) ("The possibility of . . . wrongful termination is not, of course, the same as the possibility of performance within the statutory period." (cleaned up)). Here, Grasso did not plead that there was a written contract, that the parties' agreement had any durational element, or that there was any termination provision.

The statute of frauds is "generally inapplicable" to agreements to form a joint venture. *Unicorn Enters., Ltd. v. Stonewall Contracting Corp.*, 232 A.D.2d 404, 405 (2d Dep't 1996); *see also F.S. Intertrade Off. Prods., Inc. v. Babina*, 199 A.D.2d 95, 96 (1st Dep't 1993). This is true even if the joint venture is of indefinite duration "because, absent any definite term of duration, an oral agreement to form a partnership or joint venture for an indefinite period creates a partnership or joint venture at will." *Foster v. Kovner*, 44 A.D.3d 23, 27 (1st Dep't 2007). But Grasso did not plead the existence of any provision in the parties' agreement for sharing losses, which is an "essential element[]" of a joint venture. *Ackerman v. Landes*, 112 A.D.2d 1081, 1082 (2d Dep't 1985). The district court thus properly dismissed Grasso's breach of contract claim, both for lack of sufficiently definite material terms and because any contract would be void under the statute of frauds.

We also affirm the district court's dismissal of the contract claim without affording Grasso the opportunity to move for leave to replead. But we do so not with respect to what happened in

4

the district court, but what happened on appeal. In the district court, in briefing the motion to dismiss, Grasso had expressly requested leave to replead if the motion were granted, the complaint had not previously been amended, and our precedents favor that "leave [to amend] . . . be freely given when justice so requires," *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (citing Fed. R. Civ. P. 15(a)(2)), the district court ought to have offered the opportunity to show, in support of a motion for leave to replead, that an amended pleading would cure the defects. Instead, the court stated in the ruling that found the pleading insufficient that the suit was dismissed with prejudice and entered judgment the same day, effectively denying Grasso an opportunity to move for leave to amend.

We nonetheless affirm the grant of judgment with prejudice based upon what happened on appeal. Grasso had ample opportunity on briefing this appeal, protesting the district court's failure to allow an amended pleading, to explain how she could cure the defects. She has not done so. We accordingly conclude that grant of leave to replead would be futile and affirm the district court's dismissal with prejudice of the contract claim. *See In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006) ("[W]here amendment would be futile, denial of leave to amend is proper.").

## II. Unjust Enrichment

Unjust enrichment is a quasi-contractual claim arising in "equity to prevent injustice, in the absence of an actual agreement between the parties concerned." *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142 (2009). "The essence of such a cause of action is that one party is in possession of money or property that rightly belongs to another." *Clifford R. Gray, Inc.*, 31 A.D.3d at 988. To prevail on an unjust enrichment claim, a plaintiff must show "that (1)

the defendant was enriched, (2) at the expense of the plaintiff, and (3) that it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff." *Id.* Where "the existence of the contract is in dispute, the plaintiff may allege causes of action to recover for unjust enrichment and in quantum meruit as alternatives to a cause of action alleging breach of contract." *Thompson Bros. Pile Corp. v. Rosenblum*, 121 A.D.3d 672, 674 (2d Dep't 2014).

Where a contractual claim is barred by the statute of frauds, a plaintiff may not avoid that bar by relabeling the same claim under a quasi-contractual theory. *See Grappo v. Alitalia Linee Aeree Italiane, S.p.A.*, 56 F.3d 427, 433 (2d Cir. 1995) (citing *Farash v. Sykes Datatronics, Inc.*, 59 N.Y.2d 500, 503 (1983)) (discussing quantum meruit claim). An unjust enrichment claim can proceed, however, where the claim "is used to seek recovery of the amount by which a defendant was enriched at a plaintiff's expense, rather than as an attempt to enforce an oral contract." *Litvinoff v. Wright*, 150 A.D.3d 714, 715 (2d Dep't 2017).

To the extent that Grasso sought, through her unjust enrichment claim, to recover damages arising from Donnelly-Schoffstall's breach of their alleged agreement, her claim is barred by the statute of frauds. *See Grappo*, 56 F.3d at 433. But Grasso also alleged that Donnelly-Schoffstall was in possession of Grasso's property (including breeding dogs), refused to return it, and was profiting from its unauthorized use. To the extent that Grasso sought to rectify Donnelly-Schoffstall's withholding of her property or Donnelly-Schoffstall's profits from its exploitation based on these allegations, Grasso's claim is not barred by the statute of frauds because it could be proven without the existence of a contract, and the measure of damages would be "distinct from the contract price." *Id.*; *accord Litvinoff*, 150 A.D.3d at 715. Accordingly, we vacate the dismissal of Grasso's unjust enrichment claim and remand for further consideration of this claim.

6

On remand, the district court shall allow Grasso to replead alleging conversion, unjust enrichment, or both, within the limits described above.

For the foregoing reasons, we **GRANT** Donnelly-Schoffstall's motion to strike, **AFFIRM** the district court's judgment as to the breach of contract claim, **VACATE** the district court's judgment as to the unjust enrichment claim, and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7