Basal Trading & Sons Ltd. v M&G Diamonds, Inc. (2023 NY Slip Op 00369)

Basal Trading & Sons Ltd. v M&G Diamonds, Inc.

2023 NY Slip Op 00369

Decided on January 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 26, 2023

Before: Friedman, J.P., Moulton, Kennedy, Pitt-Burke, JJ. 

Index No. 651740/20 Appeal No. 17191 Case No. 2022-02528 

[*1]Basal Trading and Sons Ltd., Plaintiff-Appellant,
v
M&G Diamonds, Inc., et al., Defendants-Respondents.

Goldberg Weprin Finkel Goldstein LLP, New York (Matthew Hearle of counsel), for appellant.
Ganfer Shore Leeds & Zauderer LLP, New York (Mark A. Berman of counsel), for respondents.

Order, Supreme Court, New York County (Debra James, J.), entered on or about December 7, 2021, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(5) and (7), unanimously modified, on the law, to deny the motion to dismiss the causes of action for breach of contract and unjust enrichment, and otherwise affirmed, without costs.
Plaintiff alleges that, in 2009, it entered into an agreement with defendants to form a partnership that would hold a one-third interest in another partnership that, in turn, would purchase three diamonds in "rough" form for polishing and then resale. Plaintiff alleges that the partnership agreement with defendants provided that plaintiff and defendants each held a 50% interest, which would entitle each of them to receive one-sixth of the proceeds of the sales of the three diamonds. Pursuant to the alleged agreement, plaintiff contributed over $509,000 "for the purchase price and related expenses of the three diamonds." Plaintiff received its share of the proceeds from the sale of two of the diamonds but, it alleges, when the third diamond was sold in 2019 for over $1 million, defendants received the partnership's entire share, but refused to distribute to plaintiff its half.
The alleged partnership or joint venture agreement does not fall within the ambit of the statute of frauds (General Obligations Law § 5-701[a][1]), which requires agreements to be in writing when, "by their very terms" they "have absolutely no possibility in fact and law of full performance within one year" (D & N Boening v Kirsch Beverages, 63 NY2d 449, 454 [1984]). Here, the alleged agreement between the parties, by its terms, could have been terminated or completed within one year, however unlikely that might have been (see Freedman v Chemical Constr. Corp., 43 NY2d 260 [1977]; Financial Structures Ltd. v UBS AG, 77 AD3d 417, 418 [1st Dept 2010]; Foster v Kovner, 44 AD3d 23, 27 [1st Dept 2007]).
The complaint adequately pleads the essential elements of a breach of contract claim, including the terms of the alleged agreement, consideration, performance by plaintiff, the alleged breach by defendants, and resulting damages (PF2 Sec. Evaluations, Inc., v Fillebeen 171 AD3d 551, 552 [1st Dept 2019]). Contrary to defendants' contention, the complaint, together with an affidavit of plaintiff's principal, alleges that the parties to the agreement were plaintiff on one side and all four defendants on the other, and that the agreement resulted from oral negotiations between plaintiff's principal and defendant Malakov, which was evidenced at least in part by documents annexed to the affidavit. In the context of a breach of contract claim, no further particularity is required (CPLR 3013; compare CPLR 3016[b]; Jonas v National Life Ins. Co., 147 AD3d 610, 612 [1st Dept 2017]). Since a cognizable cause of action for breach of contract can be discerned from the factual allegations of the complaint, the motion to dismiss that claim [*2]must be denied (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]).
Plaintiff also adequately pleads a cause of action for unjust enrichment. In addition to providing funding for the purchase of the three diamonds, plaintiff alleges that it provided its expertise, which defendants lacked, in determining whether the diamonds constituted a good value. In short, plaintiff allegedly conferred benefits upon defendants concerning the appraisal, purchase, and finishing of the three diamonds for which plaintiff reasonably expected to receive a half share of the sale proceeds, which defendants allegedly unjustly pocketed (see Norcast S.ar.l. v Castle Harlan, Inc., 147 AD3d 666, 668 [1st Dept 2017]; Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421 [1972]). Although the claim mirrors plaintiff's breach of contract claim, defendants raise a bona fide question as to whether a contract existed (see Foster v Kovner, 44 AD3d at 29).
Finally, the court properly dismissed plaintiff's claim seeking the imposition of a constructive trust, as the sole remedy plaintiff seeks is money damages based on the sale proceeds of the third diamond that it alleges defendants improperly retained (Evans v Winston & Strawn, 303 AD2d 331, 333 [1st Dept 2003]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2023